# United States District Court

NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: May 11 2026

KEVIN P. WEIMER , Clerk

By: U. Wiggins
Deputy Clerk

UNITED STATES OF AMERICA

v.

Cody James Maluck

**CRIMINAL COMPLAINT**

Case Number: 1:26-MJ- 0553

I, the undersigned complainant depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief. On or about May 9, 2026 in Clayton County, in the Northern District of Georgia, defendant did, while on an aircraft, that is, Delta Air Lines flight DL800, by assaulting or intimidating a flight crew member or flight attendant, interfere with the performance of the duties of the member or attendant or lessen the ability of the member or attendant to perform those duties,

in violation of Title 49, United States Code, Section 46504.

I further state that I am a Task Force Officer and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Edward Bryant*

Signature of Complainant

**Edward Bryant**

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

May 10, 2026 @ 12⁴⁰ p.m.

Date

at   Atlanta, Georgia

City and State

LAWRENCE R. SOMMERFELD
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer

AUSA Paul Jones
Paul.Jones@usdoj.gov

Signature of Judicial Officer

I, Edward Bryant, depose and say under penalty of perjury:

1. I make this affidavit in support of a criminal complaint charging CODY JAMES MALUCK (hereafter referred to as MALUCK) with a violation Title 49, Unites States Code, Section 46504, Interference with Flight Crew Members and Attendants, that occurred within the Special Maritime and Territorial Jurisdiction of the United States.

2. I am a Federal Air Marshal and have been so employed since 2005. I was deputized as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) in March 2022 and have been working as a TFO since then. I am assigned to the FBI office in Atlanta, Georgia, where I'm assigned to the Hartsfield-Jackson Atlanta International Airport (ATL). My duties involve investigating violations of federal law which occur within the airport and onboard commercial aircraft.

3. Based on my training and experience and the facts set forth in this affidavit, I submit there is probable cause to believe that on May 9, 2026, while onboard Delta Air Lines flight DL800 from Fort Lauderdale, Florida (FLL) to Los Angeles, California (LAX), MALUCK interfered with the performance of the duties of the flight attendants and crew.

4. On May 9, 2026, Atlanta Police Department Officers (APD) met flight DL800 at gate A9. They were informed by Delta Airlines representative there was a possible assault on the aircraft. APD officers determined MALUCK made unwanted physical contact with flight attendant P.L.L. As a result, MALUCK was detained and escorted to the gate area. APD contacted FBI due to the assault occurring onboard an aircraft. P.L.L was interviewed on the jet bridge by the affiant, and P.L.L. stated, among other things, the following:

    a. P.L.L. begin her in-flight service by selling food items to passengers. Upon completion of the food service, she proceeded with beverage services, during which

1

she asked passengers for their beverage selections while walking down the aisle of the aircraft. As she approached MALUCK, she believed him to be asleep and initially passed by his seat. While stopped nearby servicing another passenger with a beverage, P.L.L., felt a slap to her buttocks area with sufficient force to cause her body to move forward. Immediately thereafter, she turned around and observed MALUCK raising his hands and stating words to the effect of, "I didn't do anything".

b. At that time P.L.L. removed herself from the immediate area of MALUCK and informed the lead flight attendant of the incident. The lead flight attendant subsequently notified the pilot in command, who determined it was in the best interest of safety and security to divert the aircraft to ATL.

5. Affiant conducted an interview of Delta Airlines Flight Attendant CHAPMAN on the jet bridge. CHAPMAN stated, among other things, the following:

a. CHAPMAN was assigned as the rear Flight Attendant for DL800 (FLL-LAX). During the beverage service she went to the rear of the aircraft to retrieve items for the beverage cart. Once she returned, she and P.L.L. resumed beverage service and stopped adjacent to MALUCK's assigned seat. While performing her duties as a flight attendant, she heard a yell coming from P.L.L. She stated that she observed P.L.L.'s body move forward as if she had been struck or pushed. She further observed MALUCK raise his hands and state words to the effect of, "I didn't do it".

b. Based on the circumstances, she determined it was best to suspend beverage service to assist in removing P.L.L. from the immediate area of MALUCK.

6. Affiant advised MALUCK of his *Miranda* rights, which he acknowledged understanding and waived. He thereafter provided the following statement:

2

a. MALUCK informed affiant that he was wearing headphones and didn't hear anyone ask him if he wanted a beverage. MALUCK admitted as the beverage cart was near his seat he did touch P.L.L buttocks area but stated he did not slap her buttocks area with enough force to cause her body to move forward.

b. MALUCK further stated it was not his intention to harm or disrespect P.L.L., but rather that he was attempting to get her attention. Affiant advised MALUCK that such conduct was inappropriate and that he should have found another way to gain her attention.

c. After MALUCK gave his statement, a review of the facts was conducted and MALUCK was advised he was being arrested for Interference with Flight Crew Member and Attendants. MALUCK was transported by Atlanta Police Department Officer to the Atlanta City Detention Center.

7. Based on the facts set forth above, I respectfully submit that there exists probable cause to believe that aboard an aircraft in the special aircraft jurisdiction of the United States, that is, aboard Delta Air Lines flight DL800, en route from Fort Lauderdale, Florida to Los Angeles, California, interfered with the duties of the flight crew by assault or intimidation, that is, by slapping flight attendant P.L.L. on the buttocks region, thereby causing the flight to divert to ATL, in violation of Title 49, United States Code, Section 46504.